UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USAMAH SIDBERRY,

                              Plaintiff,

              -against-

NEW YORK CITY; NEW YORK CITY
DEPARTMENT OF CORRECTION;
COMMISSIONER LYNELL MAGINLEY;
JOHN DOE WARDEN OF WEST FACILITY;
JOHN DOE WARDEN OF OBCC; CAPT.
MONTAGUE; C.O. FERRARO; C.O. RIVERA;
C.O. CUTLER; C.O. BAILEY; JANE DOE
WEST FACILITY CLINICAL PHYSICIAN;
CAPT. WILLIAMS; CAPT. MORALES; C.O.
HYDE; C.O. HIGH; ALL OTHER
UNIDENTIFIED CORRECTIONAL STAFF,

                              Defendants.

25 Civ. 6948 (PAE)

ORDER OF SERVICE

PAUL A.  ENGELMAYER, United States District Judge:

        Plaintiff, who currently is incarcerated at the Otis Bantum Correctional Center ("OBCC")

on Rikers Island, brings this *pro se* pursuant to 42 U. S. C. § 1983, alleging deliberate

indifference to the conditions of his confinement and the use of excessive force against him.

Construed liberally, plaintiff's complaint also raises state law claims.  By order dated September

23, 2025, Dkt. 3, the Court granted plaintiff's request to proceed *in forma pauperis*, that is,

without prepayment of fees.[1]

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires federal courts to screen complaints brought by

prisoners who seek relief against a governmental entity or an officer or employee of a

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(b)(1).

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F. 3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A.    New York City Department of Correction

In federal court, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F. 4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)). Under New York law, actions seeking the recovery of penalties for the violation of any law shall be brought in the name of the City and not in that of any agency, unless otherwise provided by state law. N.Y. City Charter ch. 17, § 396.

Accordingly, the New York City Department of Correction ("DOC") does not have the power to sue and be sued in its own name. *See* N.Y. City Charter ch. 25, §§ 621-627 (describing structure and powers of the DOC); *Echevarria v. Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999) ("[S]uits against the DOC are suits against a non-suable entity and are properly dismissed upon that basis."). Plaintiff's claims against the DOC must therefore be dismissed.

### B.    Waivers of service

The Clerk of Court is directed to notify the DOC and the New York City Law Department of this order. The Court requests that the following defendants waive service of summons: City of New York; DOC Commissioner Lynell Maginley-Liddie; OBCC Warden; West Facility

Warden; Captains Montague, Williams, and Morales; and Correction Officers Ferraro, Rivera, Cutler, Bailey, Hyde, and High.

### C.    Jane Doe Physician and Unidentified Correctional Staff

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F. 3d 72, 76 (2d Cir. 1997). Because plaintiff's complaint supplies sufficient information to permit the DOC to identify Jane Doe Clinical Physician, who was on duty at West Facility on January 7, 2025, it is ordered that the New York City Law Department, which is the attorney for and agent of the DOC, shall ascertain the identity of the Jane Doe defendant whom plaintiff seeks to sue here and the address where she may be served.[2] The New York City Law Department must provide this information to plaintiff and the Court within sixty days of the date of this order.

Plaintiff must thereafter file an amended complaint naming Jane Doe defendant within thirty days of receiving this information. The amended complaint will replace, not supplement, the original complaint. An amended complaint form is attached to this order. Once plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete a USM-285 form with the address for the named Jane Doe defendant and deliver to the U. S. Marshals Service all documents necessary to effect service.

Plaintiff also lists "All Other Unidentified Correctional Staff" as defendants in the caption of the complaint but does not otherwise plead facts in the complaint about these unidentified defendants. The Court therefore dismisses without prejudice plaintiff's claims

---

[2] If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the New York City Law Department shall provide a residential address where she may be served.

against "All Other Unidentified Correctional Staff" for failure to state a claim on which relief can be granted and because these defendants cannot be identified.

**D.      Local Civil Rule 33.  2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of service of the complaint, defendants must serve responses to these standard discovery requests. In their responses, defendants must quote each request verbatim.[3]

**E.      Pro Bono Counsel**

Plaintiff has applied for the court to request pro bono counsel.  The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, plaintiff's efforts to obtain a lawyer, and plaintiff's ability to gather the facts and present the case if unassisted by counsel.  *See Cooper v. A. Sargenti Co.*, 877 F. 2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F. 2d 58, 60–62 (2d Cir. 1986).  Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F. 2d at 172.  Because it is too early in the proceedings for the Court to assess the merits of the action, plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

**CONCLUSION**

The Court dismisses plaintiff's claims against the DOC because it lacks the capacity to be sued in the name of the agency and dismisses without prejudice his claims against "All Other

---

[3] If plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, plaintiff may request them from the Pro Se Intake Unit.

Unidentified Correctional Staff" for failure to state a claim on which relief can be granted. Plaintiff's motion for counsel, Dkt. 4, is denied without prejudice to renewal at a later date.

The Clerk of Court is directed to electronically notify the DOC and the New York City Law Department of this order for waiver of service of summons and *Valentin* order. The Court requests that the following defendants waive service of summons: the City of New York; DOC Commissioner Lynell Maginley-Liddie; OBCC Warden; West Facility Warden; Captains Montague, Williams, and Morales; and Correction Officers Ferraro, Rivera, Cutler, Bailey, Hyde, and High.

The Clerk of Court is further directed to mail an information package to plaintiff.

Local Civil Rule 33.2 applies to this action.

SO ORDERED.

Dated:    September 26, 2025
             New York, New York

PAUL A.  ENGELMAYER
United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

## AMENDED
## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                     Middle Initial                     Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                              Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name          Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                  State              Zip Code

Defendant 2:

First Name          Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                  State              Zip Code

Defendant 3:

First Name          Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                  State              Zip Code

Defendant 4:

First Name          Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                  State              Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____