**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
USAMAH SIDBERRY

Plaintiff,

-against-

NEW YORK CITY *et al.*,

Defendant.
---------------------------------------------------------------X

**ORDER**

**25-CV-6948 (PAE) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court is in receipt of Plaintiff's motion requesting the Court appoint *pro bono* counsel in this case. Dkt. No. 29. For the reasons stated below, the request for pro bono counsel is **DENIED** without prejudice.

In considering an indigent litigant's request for counsel, the Court considers the following factors: the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. See Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989); Hodge v. Police Officers, 802 F.2d 58, 60-62 (2d Cir. 1986). Of the factors, the merits is "[t]he factor which command[s] the most attention." Cooper, 877 F.2d at 172.

Plaintiff has demonstrated both his efforts to obtain a lawyer and that his ability to litigate his case will be impacted without counsel. With the motion, Plaintiff attached several letters to attorneys and legal organizations requesting counsel and letters in return denying him counsel. Dkt. No. 29 at 7-30. Plaintiff also explained in his motion to the Court that he is having difficulty obtaining documents from the Department of Corrections ("DOC"). Id. at 5. However, because discovery in this case

has not yet started, it is too early for this Court to assess the merits of the case. Additionally, though Plaintiff has represented that it has been difficult to get documents from the DOC, after discovery commences, he will be able to serve discovery demands on Defendants in this case and receive additional information to litigate his case through the discovery process.

Accordingly, Plaintiff's motion requesting the Court appoint *pro bono* counsel is denied without prejudice to renewal at a later date after the Parties have exchanged discovery in this case.

SO ORDERED.

DATED: New York, New York
July 13, 2026

Jennifer E. Willis
JENNIFER E. WILLIS
United States Magistrate Judge